**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VICKY LYNN SHERIDAN,

      Plaintiff,

v.                                                                      Case No. 6:25-cv-301-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

---

## OPINION AND ORDER[2]

### I.   Status

Vicky Lynn Sheridan ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of bipolar I disorder, post-traumatic stress disorder, anxiety, diverticulitis and knee issues. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed April 21, 2025, at 64, 73, 278.

---

[1]     Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Plaintiff protectively filed an application for DIB on October 22, 2021, alleging a disability onset date of October 1, 2020.[3] Tr. at 218-21. The application was denied initially, Tr. at 64-70, 71, 88-91, and upon reconsideration, Tr. at 72, 73-81, 99-101.[4]

On September 3, 2024, an Administrative Law Judge ("ALJ") held a hearing,[5] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 34-63. On September 26, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-28.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 212-14 (request for review), 389-92 (brief). On January 8, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On February 24, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g) by

---

[3] The DIB application summary indicates it was actually completed on October 25, 2021. See Tr. at 218. The protective filing date for the DIB application is listed elsewhere in the administrative transcript as October 22, 2021. See, e.g., Tr. at 64, 73.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone with Plaintiff's consent. See Tr. at 36-38, 151, 172, 183-84.

- 2 -

timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as the issues: 1) "[w]hether the residual functional capacity [('RFC')] is based on sufficient analysis of the medical opinions of record and substantial evidence"; and 2) "[w]hether the ALJ failed to provide adequate analysis of the factors of supportability and consistency when determining the persuasiveness of various medical source opinions of record." Memorandum in Support of Plaintiff (Doc. No. 13; "Pl.'s Mem."), filed May 21, 2025, at 13, 15 (emphasis omitted). On July 16, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") addressing the issues. Then, on August 6, 2025, Plaintiff's Memorandum in Reply (Doc. No. 21; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[6]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

(Continued…)

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 19-27. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 1, 2020, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: overweight; diverticulitis; bipolar disorder; depressive disorder; anxiety; and post-traumatic stress disorder (PTSD)." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.]

---

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c) except, she can lift, carry, push and/or pull fifty (50) pounds occasionally and twenty-five (25) pounds frequently. She can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an 8-hour workday with normal breaks. This individual can follow only simple instructions. This person can occasionally interact with coworkers but should have no more than incidental contact with the public. (Incidental means that the contact is not an essential part of the job. For example, incidental contact could be someone asking for the time or asking where the elevators are located in a building). This person is limited to jobs requiring only occasional decision-making and changes in the work setting.

Tr. at 21 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as an "Insurance Sales Agent" and a "Real Estate Sales Agent." Tr. at 26 (some emphasis and citation omitted). The ALJ then proceeded to step five. After considering Plaintiff's age ("42 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 26 (emphasis and citations omitted), such as "Floor waxer," "Cleaner/housekeeper," and "Marker," Tr. at 27 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from

October 1, 2020, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.    Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

- 6 -

the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.   Discussion

Plaintiff argues the ALJ erred in assessing her RFC and in determining the persuasiveness of various medical opinions. Pl.'s Mem. at 13, 15. Regarding the medical opinions, Plaintiff challenges two non-examining opinions by state-agency psychologists, two consultative examining opinions by psychologists, and the opinion of her treating psychiatrist, Todd Gates, D.O. <u>See</u> <u>id.</u> at 17-25. As explained below, the undersigned finds the ALJ erred in evaluating Dr. Gates's opinion. The matter must be reversed and remanded for reconsideration of this opinion. The SSA's analysis of the remaining medical opinions and the RFC could be affected on remand by how Dr. Gates's opinion is ultimately handled. Thus, if appropriate, those matters should also be reconsidered on remand.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. <u>See</u> <u>Revisions to Rules Regarding the Evaluation of Medical Evidence</u>, 82 Fed. Reg. 5844, 5844 (January 18, 2017); <u>see also</u> 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether

- 7 -

[the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). Particularly regarding the mental demands of work activities, "medical opinions are about" matters "such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2).

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

---

[7]     Plaintiff filed her application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

- 8 -

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). [8] Moreover, "the episodic nature of" bipolar disorder must be considered by an ALJ. Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019); see also, e.g., Simon

---

[8]     When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

v. Commissioner, Social Security Administration, 7 F.4th 1094, 1106 (11th Cir. 2021).

Here, treating psychiatrist Dr. Gates authored an opinion on July 24, 2023 regarding Plaintiff's ability to do work-related mental activities. Tr. at 649-51. If accepted, Dr. Gates's opined limitations would result in Plaintiff's inability to perform all work. See Tr. at 649-51. He confirmed these limitations again on June 17, 2024. Tr. at 717. The ALJ addressed Dr. Gates's opinion as follows:

> Todd Gates, D.O., treating source, opined that [Plaintiff] has severe mood swings with an inability to focus and complete tasks, unable to concentrate to complete assigned tasks, would be off task 25% or more of the workday, and would be absent from work more than 4 days per month. The examiner suggests extreme mental limitations in abilities and aptitudes. This provider also placed a check mark next to absences "more than four days per month." This evaluator did not make an effort to explain the basis of the opinion provided when marking the checkboxes in the Questionnaire. Although [Plaintiff] does possess some limitations, without an explanation and given that there is other medical information that does not support this opinion, the undersigned does not find it entirely persuasive. Treatment records by the doctor show some instances of deficits in concentration, depressed mood, mildly anxious, and mildly elevated mood; however, those findings alone are inconsistent with his limitations based on the totality of the medical evidence, including his own examinations which contradict the checkboxes outlined in his opinion. Treatment records largely show polite, cooperative, euthymic (without features of mania, depression, or psychosis), no suicidal or homicidal feelings, no

> auditory or visual hallucinations, no psychotic processes, alert and oriented in all realms, satisfactory judgment, well-preserved memory, fluent and coherent speech, and reasonable insight.

Tr. at 25-26 (citations omitted).[9]

Plaintiff argues the ALJ erred in evaluating Dr. Gates's opinion by making inaccurate findings and failing to cite specific examples of evidence that contradicts the opinion. Pl.'s Mem. at 20-25; Reply at 5. Responding, Defendant contends that the ALJ was accurate in his findings and need not "cite specific page numbers when evaluating a medical opinion or making a factual finding." Def.'s Mem. at 8-9.

The ALJ erred in evaluating Dr. Gates's opinion. First, Dr. Gates did provide some explanation (albeit limited) regarding his opined limitations. Asked to explain his assigned mental abilities and aptitudes needed to do unskilled work, Dr. Gates stated, "She has severe mood swings with the inability to focus and complete tasks." Tr. at 649; see also Tr. at 717 (same explanation on June 17, 2024). And, asked to explain his findings regarding particular types of jobs, he wrote, "Cannot concentrate to complete assigned tasks." Tr. at 650. Second, although the ALJ pointed to some benign examination findings in Dr. Gates's medical notes, Tr. at 25, Dr. Gates's

---

[9]     The ALJ also found: "[Dr. Gates's] statement indicating [Plaintiff] is 'disabled' is not a medical opinion, but rather an administrative finding dispositive of a case. These issues are reserved to the Commissioner, and as such are not entitled to any special significant persuasive value." Tr. at 25 (citation omitted). This conclusion is accurate and uncontested.

explanations for assigning the various limitations find ample support in the record, particularly in his later treatment notes, see Tr. at 461, 626, 670, 715 (mood swings), 461, 467, 626 (inability to focus). The ALJ's reliance on some benign findings, to the exclusion of the support relied upon by Dr. Gates in his opinion, amounts to a failure to adequately consider the episodic nature of bipolar disorder. See Schink, 935 F.3d at 1268; see also, e.g., Simon, 7 F.4th at 1106. Moreover, the ALJ has not identified a genuine inconsistency or lack in support between Dr. Gates's opinion and his notes. See Schink, 935 F.3d at 2363-64 (quotation, citation, and internal alteration omitted) ("an ALJ must identify a genuine inconsistency"). The matter must be remanded for reconsideration of Dr. Gates's opinion.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    Reconsider Dr. Gates's opinion in accordance with applicable regulations;

(B)    If necessary, address the other arguments in this appeal; and

- 12 -

(C)    Take such other action as may be necessary to resolve this claim properly.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 19, 2026.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record